COMPAÑIA AZUCARERA DEL TOA, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN SEGUNDA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 2ª., denegando la inscripción de una escritura de cancelación parcial.

No. 386.—Resuelto en noviembre 26, 1918.

RECURSO GUBERNATIVO—CANCELACIÓN PARCIAL DE HIPOTECA.—Cuando existen varios acreedores garantizados todos con hipoteca sobre la misma propiedad, el deudor que quiere hacer pagos voluntarios, no está obligado a prorratear el pago entre todos los acreedores; él tiene el derecho de pagarle al acreedor a quien elija.

DEUDA SUBSISTENTE.—Cuando por sencillo proceso aritmético puede deducirse la parte de la deuda insoluta, se cumple con el párrafo 5º. del artículo 28 de la Ley Hipotecaria.

Los hechos están expresados en la opinión.

Abogado del recurrente. *Sr. Francisco Soto Gras.*

El Registrador sustituto, Sr. Manuel Paz Urdaz, no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El deudor eligió pagar parcialmente a uno de sus varios acreedores garantizados todos por la misma propiedad y cuando se presentó al Registrador de la Propiedad de San Juan, Sección 2ª. la escritura de cancelación parcial éste denegó su inscripción por el fundamento de que el pago no ha sido prorrateado entre los varios acreedores de conformidad con las decisiones de esta corte en los casos de *Ameri-*

*can Trading Co.* v. *Monserrat,* 19 D. P. R. 979 y el de *Ortiz* v. *El Registrador de Guayama,* 22 D. P. R. 339.

Estos casos sólo resuelven que cuando se vende la cosa asegurada el producto de la venta deberá dividirse entre los acreedores respectivos en proporción a sus reclamaciones. Estas son decisiones que afectan la disposición del producto obtenido por virtud de la venta de la finca asegurada. Nada se dice en estas decisiones que le prohiba al deudor pagar a determinado acreedor. La seguridad de los demás acreedores no queda ciertamente disminuida. De afectarla en algo lo hace aumentando su valor. Por lo tanto el registrador incurrió en un error.

La inscripción fué también denegada por el fundamento de que no se expresó el montante subsistente de la deuda hipotecaria. El recurrente tiene razón al sostener que el párrafo 5°. del artículo 98 de la Ley Hipotecaria no exige que se haga constar la parte de la deuda que subsista sino que la misma habrá de hacerse constar en la inscripción. Es una mera operación aritmética por vía de una resta. *Certum est quod certum reddi potest.*

Es de revocarse la nota recurrida.

> *Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.